# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DALE VOGELAAR,

    Plaintiff,

vs.

MIKE HALEY, et al.,

    Defendants.

Case No. 3:12-CV-00323-RCJ-(WGC)

**ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(a)(4). Plaintiff still must pay the filing fee in full through monthly installments. 28 U.S.C. § 1915(a)(2). The court has reviewed the complaint. It will serve the complaint upon defendants.

    In January 2012 plaintiff was sent from prison to the Washoe County Detention Center to face felony charges. He was sentenced on January 13, 2012. His attorney requested that plaintiff be placed upon a suicide watch. Plaintiff alleges that defendants Mideria, Shannon, and John Doe #1 placed plaintiff into a suicide watch cell that contained at least two razors. They then left plaintiff unattended until he attempted suicide. Plaintiff's allegations, if true, show that defendants Mideria, Shannon, and John Doe #1 were deliberately indifferent to a serious risk of harm to plaintiff. See Farmer v. Brennan, 511 U.S. 825 (1994). However, plaintiff will need to provide the identity of at least John Doe #1 for the action to proceed against that defendant.

In count I, plaintiff alleges that defendant Haley, the sheriff of Washoe County, had a practice to allow subordinates at the jail to ignore rules of safety. Plaintiff also alleges that defendant Haley knew that subordinates at the jail would supply inmates in suicide watch cells with razor blades. A supervisor cannot be held liable in his individual capacity merely because he is a supervisor. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 & n.58 (1978). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Plaintiff's allegations, if true, indicate that there is a sufficient causal connection between Haley's knowledge and the acts of the other defendants.

Plaintiff has sued all defendants in their individual and official capacities. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1984) (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55 (1978)). To succeed with an official-capacity claim against defendants, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at 690, or through a failure to train municipal employees adequately, City of Canton v. Harris, 489 U.S. 378, 388-91 (1989). Plaintiff's allegations, if true, indicate that there was an official practice behind what happened to him.

IT IS THEREFORE ORDERED that plaintiff's application to proceed in forma pauperis (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

1    IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
2 Department of Corrections shall pay to the Clerk of the United States District Court, District of
3 Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #55990), in the
4 months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
5 The clerk shall send a copy of this order to the finance division of the clerk's office.  The clerk shall
6 also send a copy of this order to the attention of the chief of inmate services for the Nevada
7 Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
8    IT IS FURTHER ORDERED that the clerk of the court shall file the complaint, issue
9 summons to the named defendants herein, and deliver same to the U.S. Marshal for service.
10 Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms
11 USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form
12 USM-285 showing whether service has been accomplished, plaintiff must file a notice with the
13 court identifying which defendants were served and which were not served, if any.  If plaintiff
14 wishes to have service again attempted on an unserved defendant(s), then a motion must be filed
15 with the court identifying the unserved defendant(s) and specifying a more detailed name and/or
16 address for said defendant(s), or whether some other manner of service should be attempted.
17 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within
18 one hundred twenty (120) days from the date that the complaint was filed.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Case 3:12-cv-00323-MMD-VPC   Document 3   Filed 08/03/12   Page 4 of 4

1    IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if
appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
other document submitted for consideration by the court.  Plaintiff shall include with the original
paper submitted for filing a certificate stating the date that a true and correct copy of the document
was mailed to the defendants or counsel for the defendants.  The court may disregard any paper
received by a district judge or magistrate judge which has not been filed with the clerk, and any
paper received by a district judge, magistrate judge or the clerk which fails to include a certificate of
service.

Dated:  August 3, 2012.

_____
ROBERT C. JONES
Chief United States District Judge